# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIDARKA GAS CORP., an Oklahoma corporation; DUSLEI ENERGY, LLC, an Oklahoma limited liability company; JIM PRICE OIL CO., LLC, an Oklahoma limited liability company; CCJ VENTURES, LLC, an Oklahoma limited liability company; BECKHAM OIL CO. LLC, an Oklahoma limited liability company; BIG J'S OIL CO. LLC, an Oklahoma limited liability company; GARBET INVESTMENTS LLC, an Oklahoma limited liability company; DEBORAH K. BRANDT, an individual; CHARLES R. DOZIER, an individual; and MARGARET DOZIER, an individual, <br><br>  Plaintiffs, <br><br> v. <br><br> STEPHEN J. MERRILL, individually and as Trustee of the MFS TRUST DATED SEPTEMBER 30, 1997; KAREN MERRILL, individually and as Trustee of the MFS TRUST DATED SEPTEMBER 30, 1997; SBM ENERGY, LLC, an Oklahoma limited liability company; and MFS TRUST DATED SEPTEMBER 30, 1997; and DONALD F. SCHNELL, individually, <br><br>  Defendants. | Case No. CIV-18-00041-PRW |

## ORDER

On April 11, 2019, U.S. District Judge Timothy DeGiusti issued an Order (Dkt. 30) permitting the withdrawal of attorneys Steven K. Balman and Emily D. Pearson as counsel of record for Defendants Stephen J. Merrill, both individually and as trustee of the MFS

1

Trust dated September 30, 1997; Karen Merrill, both individually and as trustee of the MFS Trust dated September 30, 1997; SBM Energy, LLC; and the MFS Trust dated September 30, 1997 (collectively, the "Merrill Defendants"). The same Order (Dkt. 30) directed the Merrill Defendants to appear by other counsel or *pro se*, if appropriate, within 30 days of the date of that order—i.e., by May 11, 2019.

Moreover, on April 12, 2019, Defendant Stephen J. Merrill filed a Motion for Scheduling Conference to Revise Scheduling Order and Extend Deadline for Summary Judgment Response (Dkt. 31). Therein, Mr. Merrill acknowledged that he "cannot represent anyone other than himself in this case" because he "resigned from the State Bar of Oklahoma" and alerted the Court that "[h]e is trying to find substitute counsel to represent the Merrill Defendants and himself."[1] In light of those circumstances, Mr. Merrill sought both an extension of the Merrill Defendants' deadline to respond to the Plaintiffs' Motion for Summary Judgment (Dkt. 29) and the setting of a new Status and Scheduling Conference at which a new Scheduling Order could be entered.

Thereafter, the case was transferred to the undersigned. On May 10, 2019, the Court issued an Order (Dkt. 34) granting Mr. Merrill's motion (Dkt. 31). The Order (Dkt. 34) repeatedly noted the May 11th deadline for the Merrill Defendants to find new counsel.[2]

---

[1] Mot. for Def. Stephen J. Merrill for Scheduling Conference to Revise Scheduling Order & Extend Deadline for Summ. J. Resp. (Dkt. 31) ¶¶ 2–3, 6, at 2.

[2] Moreover, Mr. Merrill acknowledged in his Motion for Scheduling Conference to Revise Scheduling Order and Extend Deadline for Summary Judgment Response (Dkt. 31) that he was trying to find new counsel, indicating his awareness of Judge DeGiusti's April 11th Order (Dkt. 30).

The response deadline and Status and Scheduling Conference setting in the Order (Dkt. 34) presume compliance with the May 11th deadline for obtaining new counsel or, if appropriate, entering appearances *pro se*, such that compliance with the new settings in the May 10th Order (Dkt. 34) turn upon the Merrill Defendants' retention of new counsel in compliance with the April 11th Order (Dkt. 30). To date, however, no entry of appearance either *pro se* or by substitute counsel has been filed.

The Court hereby sets a new deadline for complying with the terms of Judge DeGiusti's April 11th Order (Dkt. 30) directing the Merrill Defendants to appear by other counsel or *pro se*, if appropriate. The Court advises the Merrill Defendants that, pursuant to LCvR 17.1 of the Local Court Rules for the Western District of Oklahoma, "[p]arties who are not natural persons may not appear pro se." In other words, it would only be appropriate for Mr. Merrill and Defendant Karen Merrill, in their individual capacities, to appear *pro se*. Defendant MFS Trust dated September 30, 1997, as a trust, cannot appear without counsel admitted to practice before this Court.[3] Similarly, SBM Energy, LLC, as a limited liability company, cannot appear without counsel admitted to practice before this

---

[3] *See Olisa Found. v. Purdue Univ.*, No. 2:14-cv-00795 WPL/CG, 2014 WL 11512590, at *1–2 (D.N.M. Oct. 2, 2014); *Pembina Nation Little Shell Band of N. Am. v. Wells Fargo Bank, N.A.*, No. 1:12-cv-02058-LTB, 2012 WL 4795686, at *1 (D. Colo. Oct. 9, 2012) (unpublished) (citing *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987)); *United States v. Cram*, No. 2:97-cv-00502 K, 1998 WL 919871, at *5-7 (D. Utah Dec. 3, 1998) (unpublished) (citing the same cases); *see also Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.").

Court.[4] The Court hereby sets **Friday, May 31, 2019—i.e., 14 days from the date of this Order**—as the new deadline by which Defendants SBM Energy, LLC and MFS Trust dated September 30, 1997, must appear by other counsel admitted to practice before this Court and by which Defendants Stephen J. Merrill and Karen Merrill, in their individual capacities, must appear either *pro se* or by other counsel admitted to practice before this Court. **Failure to respond to this order may result in judgment by default being entered against the Merrill Defendants, in admission of the factual allegations contained in the Plaintiffs' Motion for Summary Judgment, or in some other appropriate sanction within this Court's inherent powers.**[5]

**IT IS SO ORDERED this 17th day of May, 2019.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[4] *Roscoe v. United States*, 134 Fed. App'x 226, 228 (10th Cir. 2005)

[5] *See id.* at 227 (citing *LaFleur v. Teen Help*, 342 F.3d 1145, 1149 (10th Cir. 2003); *EEOC v. Roswell Radio, Inc.*, No. 1:06-cv-00253 JB/LAM, 2007 WL 5685110, at *11 (D.N.M. Oct. 5, 2007) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *Smith v. Nw. Fin. Acceptance, Inc.*, 129 F.3d 1408, 1419 (10th Cir. 1997)).