# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIDARKA GAS CORP., an Oklahoma corporation; DUSLEI ENERGY, LLC, an Oklahoma limited liability company; JIM PRICE OIL CO., LLC, an Oklahoma limited liability company; CCJ VENTURES, LLC, an Oklahoma limited liability company; BECKHAM OIL CO. LLC, an Oklahoma limited liability company; BIG J'S OIL CO. LLC, an Oklahoma limited liability company; GARBET INVESTMENTS LLC, an Oklahoma limited liability company; DEBORAH K. BRANDT, an individual; CHARLES R. DOZIER, an individual; and MARGARET DOZIER, an individual, | )))))))))))))))))) |
| Plaintiffs, | ) ) |
| v. | ) ) Case No. CIV-18-00041-PRW |
| STEPHEN J. MERRILL, individually and as Trustee of the MFS Trust Dated September 30, 1997; KAREN MERRILL, individually and as Trustee of the MFS Trust Dated September 30, 1997; SBM ENERGY, LLC, an Oklahoma limited liability company; MFS TRUST DATED SEPTEMBER 30, 1997; and DONALD F. SCHNELL, individually, | )))))))))))) |
| Defendants. | ) ) |

1

## FINDINGS OF FACT,
## <u>CONCLUSIONS OF LAW, AND FINAL JUDGMENT</u>

This case came on for non-jury trial on February 18, 2020, to decide two issues left unresolved by summary judgment.[1] Namely, whether Defendant Stephen J. Merrell should be held individually liable for fraud, and whether a constructive trust should be created to hold certain assets Merrell allegedly obtained with ill-gotten gains. After the short trial, each side submitted proposed findings of facts and conclusions of law.[2]

The Court makes the following findings of fact and conclusions of law in support of judgment in favor of Plaintiffs[3] and against Defendants.[4] The findings of

---

[1] Order Granting in Part and Denying in Part, Plaintiffs' Motion for Summary Judgment (Dkt. 74); Pretrial Conf. Tr., 9:6-13 (Dkt. 78).

[2] Plaintiffs' Supplemental Proposed Findings of Fact and Conclusions of Law (Dkt. 80); Defendant Karen Merrill, Pro Se, Supplemental Proposed Findings of Fact and Conclusions of Law (Dkt. 81); Supplemental Proposed Findings of Fact and Conclusions of Law of Stephen J. Merrill, Pro Se (Dkt. 82).

[3] Bidarka Gas Corp., an Oklahoma corporation, Duslei Energy, LLC, an Oklahoma limited liability company, Jim Price Oil Co. LLC, an Oklahoma limited liability company, CCJ Ventures LLC, an Oklahoma limited liability company, Beckham Oil Co. LLC, an Oklahoma limited liability company, Big J's Oil Co. LLC, an Oklahoma limited liability company, Garbet Investments LLC, an Oklahoma limited liability company, Deborah K. Brandt, an individual, Charles R. Dozier, an individual and Margaret Dozier, an individual ("Plaintiffs").

[4] Stephen J. and Karen Merrill, individually and as Trustees of the MFS TRUST DATED SEPTEMBER 30, 1997, SBM Energy, LLC, an Oklahoma limited liability company, MFS TRUST DATED SEPTEMBER 30, 1997, and Donald F. Schnell, individually ("Defendants").

fact made here adopt and supplement, and where inconsistent supersede, the undisputed material facts contained in the Court's February 15, 2020, Memorandum Order and Opinion granting in part, and denying in part, summary judgment in Plaintiffs' favor.[5]

## Findings of Fact

1. The MFS Trust is a spendthrift, irrevocable trust (Trial Tr., 77:7-8; 78:9-10; 98:20-23).

2. The MFS Trust paid $33,873.84 in monthly payments of $651.42 from November 2015 to the trial, 52 months, for Stephen Merrill's truck (Trial Tr., 97:21-98:6).

3. The MFS Trust pays some of the Merrill's household and personal expenses (Trial Tr., 17:5-6; 98:24-99:16).

4. The mortgage payments on the Merrill's current residence to Mortgage Clearing Corporation is $1,584 (Trial Tr., 25:12-21).

5. The MFS Trust has made the mortgage payments to Gateway since the Merrill's acquired their current resident (Trial Tr., 51:1-3).

---

[5] Order Granting in Part and Denying in Part, Plaintiffs' Motion for Summary Judgment (Dkt. 74).

6.Karen Merrill owns a Mazda CX-5 that was bought from Nelson Mazda in November 2015, and which was paid for by the MFS Trust (Trial Tr.,17:11-18:3; 85:21-86:9).

7.Stephen Merrill created SBM Energy, LLC in April 2015, after he signed the exclusive option to purchase the subject leases (Trial Tr., 56:17-24).

8.SBM Energy, LLC was never a viable entity and has been terminated. (Trial Tr., 57:20-58:20).

9.SBM Energy, LLC never owned anything, never operated, and was undercapitalized (Trial Transcript, 58:21-22; 69:5-17).

10.James Price testified that he spent 200 to 250 hours of attorney time on this matter and paid his counsel approximately $35,000 in attorney's fees (Trial Tr., 117:15-19).

## Conclusions of Law

Plaintiffs have established that SBM Energy, LLC was a sham entity created for the purposes of perpetuating the subject fraud. Accordingly, the limited liability entity will be disregarded, and Stephen J. Merrill will be held individually liable for the common law fraud and securities fraud in violation of § 10(b) of the Securities Exchange Act and SEC Rule 10b-5 that he perpetuated in his capacity as President of SBM Energy, LLC.

While Plaintiffs have established that fraudulently obtained funds were paid into the MFS Trust, and that the MFS Trust continued to pay the Merrill's personal and household expenses—as it had for years—after the fraudulently obtained funds were acquired, Plaintiffs have failed to provide the "clear, unequivocal, and decisive" evidence necessary to trace the fraudulently-obtained funds to the property over which they seek a constructive trust. Establishment of a constructive trust is a matter of equitable cognizance, and the Court here exercises its discretion to decline to impose a constructive trust.

Plaintiffs' also seek attorneys' fees pursuant to 23 O.S. § 64, which allows for the recovery of such fees in cases of conversion. The Court, however, in its order granting summary judgment in part, and denying it in part, expressly rejected Plaintiffs' conversion claim, so reliance on 23 O.S. § 64 for an award of fees is misplaced.[6] The Court accordingly declines to grant an award of attorneys' fees.

Lastly, Plaintiffs seek punitive damages, but the evidence does not support an award of punitive damages in that the actions of the various Defendants do not as a matter of law arise to the level of "reckless disregard" of the Plaintiffs' rights.

## Judgment

Pursuant to the above, the entries of default previously entered in the case, and the partial summary judgment previously entered in the case, final judgment is

---

[6] Dkt. 74.

hereby entered against Donald F. Schnell, individually, Stephen J. Merrill, individually and in his capacity as trustee of the MFS Trust Dated September 30, 1997, and SBM Energy, LLC, jointly and severally liable in the amount of $112,500.00.

**IT IS SO ORDERED this 29th day of March, 2021.**

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE